JOSEPH WOLLASTON,

*vs.*

THOMAS PHILLIPS.·

*New Castle, Aug. T.,* 1823.

Practice upon applications for an order to sell the real estate of a defendant in satisfaction of a decree for the payment of money.

MOTION FOR SEQUESTRATION AND ORDER OF SALE.—A final decree had been made between the parties to this cause for the payment by the defendant to the complainant of $811.19, with costs, within two months, or that an attachment issue. On the 27th of June, 1823, the two months having expired without performance of the decree, an attachment was issued and returned *non est inventus.* Thereupon, *Rogers* and *Black,* for the complainant, moved, on

the foundation of the sheriff's return to the attachment, for a commission of sequestration, to be directed to the sheriff, commanding him to sequester the goods, chattels, effects, moneys and personal estate of the defendant, Thomas Phillips, in New Castle county, and all moneys and debts due and owing to the said Phillips, from all and every person whatsoever, until the said Phillips should perform the decree and clear his contempt, &c. The motion was also for an order to sell the real estate of said Thomas Phillips.

*McLane* and *Read, Jr.,* for the defendant, objected.

The writ of attachment issued improvidently. The decree was conditional, that the money should be paid within two months, or that an attachment should issue. There is nothing to show that the money was not paid. An affidavit of the non-performance of the decree should have been made before the attachment was taken out. Such is the English practice. The affidavit should be filed in all cases, except when it appears by the record that the party has not done the act required, as in the case of an attachment, for want of an answer ; so, where according to the rule of court an attachment is awarded unconditionally, it goes of course, agreeably to the order ; for nothing is to be done, and consequently no affidavit is required of non-performance. But when the attachment is issued for the non-performance of the decree, it should appear by affidavit that the decree has not been performed ; for then the non-payment of the money does not appear on the record. The affidavit is not merely a part of the proceeding, but is the ground of it; and it is therefore essential in all cases where an exception does not arise upon the record. The consequence of this defect of proceeding is, that the attachment and the return are void, and the defendant is not in contempt.

*Rogers* and *Black*, for the complainant, contended that the practice had been different; that it had not been usual, where attachments had been taken out for the non-performance of decrees, to make an affidavit ; that the rule of this Court did not require an affidavit, but had declared that in case of non-performance, according to the terms of a decree, an attachment might be taken out without any other previous proceeding.

*McLane*, in reply, said that the rule referred to did not mean to dispense with the affidavit, but with all other process. The affidavit is not process, but is the ground of the attachment; and it is not included in the expression "without any other previous proceeding."

THE CHANCELLOR was of opinion that the attachment was not improvidently issued under the practice of the Court ; but he did not consider the issuing of the attachment and the return of *non est* as alone laying a sufficient ground for an order to sell the defendant's real estate in satisfaction of the decree. The order, therefore, was not granted on the present motion.*

On the next day an affidavit was filed by the complainant, and also one by the sheriff of New Castle county, David C. Wilson,—the two together shewing that the defendant was much involved in debt, that his personal estate was under execution to an amount greatly exceeding its value, that his real estate was largely encumbered by liens, that he had absconded from the State, that nothing had been paid toward satisfaction of this decree, and that by no other mode could the complainant obtain satisfaction but by a sale of the defendant's real estate. The

*This view of the Chancellor is gathered very clearly from the course of proceeding actually taken in this cause, as shewn by the record. His man uscript note of the case is, from some cause, left incomplete. The argument of counsel is given and the Chancellor's opinion is commenced, but left unfinished.

35

Chancellor, upon a motion supported by these affidavits, made an order for the sale of the real estate of the defendant by the sheriff. The sale was made, and the same being returned and confirmed, the proceeds were brought into Court and applied, under the order of the Chancellor, to the liens, according to their priority.